**Juergen MORMELS, Hauke Martens and Joseph Phillips, Plaintiffs,**

v.

**GIROFINANCE, S. A., E. F. Hutton & Company, Inc. and Herbert Greenman, Defendants.**

**No. 81 Civ. 5010.**

United States District Court, S. D. New York.

Aug. 13, 1982.

---

Gusrae, Kaplan, Lowy & Bruno, New York City, for plaintiffs; Martin H. Kaplan, New York City, of counsel.

Cahill Gordon & Reindel, New York City, for defendant E. F. Hutton & Co. Inc.; Thomas F. Curnin, Thomas J. Kavaler, Ruth D. MacNaughton, New York City, of counsel.

Hertzog, Calamari & Gleason, New York City, for defendant Herbert Greenman; Peter E. Calamari, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is an action by Juergen Mormels and Hauke Martens, citizens of Germany and residents of San Jose, Costa Rica, and Joseph Phillips, a citizen of Texas and also a resident of Costa Rica,[1] to recover monies allegedly converted by their broker, defendant Girofinance S. A. ("Girofinance"), a Costa Rican corporation, whose affairs are currently the subject of a bankruptcy proceeding in Costa Rica. Also named as defendants are E. F. Hutton & Co. ("Hutton"), an investment banking and brokerage firm having its principal place of business in New York, and Herbert Greenman, a former Hutton employee, a citizen of New York. The amended complaint alleges violations of the Securities Act of 1933,[2] the Securities Exchange Act of 1934,[3] the Commodity Exchange Act,[4] and pendent state claims.[5]

Defendants Hutton and Greenman move to dismiss the amended complaint on various grounds. Their "fundamentally preliminary" challenge [6] is a lack of subject matter jurisdiction since the federal securities and commodity causes of action allege predominately foreign transactions. A fair

---

1. While the complaint was silent as to his residency, upon argument of the motion it was stated that he is a resident of both San Jose, Costa Rica and Texas, United States.

2. 15 U.S.C. § 77q(a) (1981).

3. 15 U.S.C. § 78j(b) (1981) and Securities Exchange Commission Rule 10b–5, 17 C.F.R. § 250.10b–5 (1981).

4. 7 U.S.C. §§ 6b, 6d (1980).

5. The common law claims are negligence, fraud and breach of fiduciary duty.

6. *Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S. A.*, 606 F.2d 5, 6 (2d Cir. 1979) (quoting *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714, 61 L.Ed.2d 464 (1979)).

and close reading of the amended complaint requires dismissal of those claims on the asserted ground and thus it is unnecessary to consider defendants' other contentions urged as to the amended complaint's deficiencies.

The gist of the allegations in the seven causes of action set forth in the amended complaint is that in January 1979 each plaintiff opened a commodity trading account with Girofinance in reliance upon representations made by Girofinance that it was, and held itself out as, an agent of the defendant Hutton and further representations that it would open individual trading accounts for each; that such representations were false; that the defendant Hutton knew or recklessly disregarded knowledge that Girofinance was holding itself out as an agent of Hutton, thereby lulling the plaintiffs into believing and reinforcing their belief that Girofinance was an agent of E. F. Hutton. Plaintiffs further claim that contrary to these representations Girofinance was not Hutton's agent and that it opened in its own name an omnibus account [7] with Hutton instead of the individual trading accounts. The gravamen of the fraud alleged is that in or about November 1979 Girofinance converted plaintiffs' funds and fled Costa Rica with said funds.

■ The applicability of federal law to foreign transactions is governed by the rules set forth in *Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S. A.*[8] There the court framed the issue as follows:

> When ... a court is confronted with transactions that on any view are predominantly foreign, it must seek to determine whether Congress would have wished the precious resources of the United States courts and law enforcement agencies to be devoted to them rather than leave the problem to foreign courts.[9]

As Judge Friendly has elsewhere explained, "jurisdiction is limited to the perpetration of fraudulent acts themselves and does not extend to mere preparatory activities or the failure to prevent fraudulent acts where the bulk of the activity was performed in foreign countries...."[10] The issue then is whether the fraud alleged has sufficient contacts with the United States to invoke the federal securities and commodity laws or whether it is "predominantly foreign" in nature.

■ The site of all basic activities which are at the core of plaintiffs' claims was Costa Rica. The alleged false representations were made there by Girofinance; the monies of which plaintiffs claim they were defrauded by reason of such representations were delivered by them to Girofinance in Costa Rica where the accounts were opened and maintained. Each plaintiff at the time of the complained of conduct was a resident of Costa Rica;[11] Girofinance, the broker who allegedly converted plaintiffs' funds, did so there. Thus the primary fraud and

---

**7.** An omnibus account is an account with an exchange member firm (such as Hutton) opened by a non-member broker in its own name, without identifying the customers on whose behalf it is trading. The member firm acts as broker for the non-member firm in executing the transactions.

**8.** 606 F.2d 5 (2d Cir. 1979). *See also Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974 (2d Cir.), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975); *ITT v. Vencap*, 519 F.2d 1001 (2d Cir. 1975). The parties are in agreement that the principles developed in these cases are applicable to the commodity fraud claim. Securities cases and principles are used as persuasive aids to interpretation of the CEA. *See, e.g., Miller v. New York Produce Exchange*, 550 F.2d 762, 769 n.4 (2d Cir.), *cert.*

*denied*, 434 U.S. 823, 98 S.Ct. 68, 54 L.Ed.2d 80 (1977); *CFTC v. J. S. Love & Assoc. Options Ltd.*, 422 F.Supp. 652, 660 (S.D.N.Y.1976).

**9.** *Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S. A.*, 606 F.2d 5, 9 (2d Cir. 1979) (quoting *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974, 985 (2d Cir.), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975)).

**10.** *ITT v. Vencap, Ltd.*, 519 F.2d 1001, 1018 (2d Cir. 1975).

**11.** As noted above, Phillips, the only United States citizen, was represented upon argument of the motion to be a resident both of Costa Rica and the United States.

every fact essential to plaintiffs' charge of fraudulent conduct was committed or occurred in Costa Rica.

Plaintiffs seek to fasten liability upon Hutton and Greenman based upon their alleged failure to inform plaintiffs that Girofinance had opened an omnibus account rather than separate trading accounts for each individual and failure to correct the alleged misrepresentation by Girofinance that it was an agent of Hutton.[12] The sole act relied upon to sustain this failure to disclose that allegedly occurred in the United States took place in September 1979, nine months after the accounts were opened, when Mormels met with Greenman in Hutton's New York offices. It is alleged that Greenman placed an oral order for two gold futures contracts with Mormels and "[d]efendant did not advise Mormels at that time that Mormels did not have an account with EF Hutton and that these trades were not executed in Mormels account with EF Hutton."[13] No damage is alleged from these trades for they were liquidated that very day at a profit to Mormels.

The other events relied upon to support plaintiffs' charges against these defendants originated or occurred in Costa Rica. Plaintiffs allege that in October 1979 Greenman visited San Jose, Costa Rica where he reviewed with Mormels and Phillips the trading activity in their accounts. Greenman's conduct is alleged to have had the effect of "lulling the plaintiffs into believing and further reinforcing [their] beliefs that Girofinance S. A. was an agent of EF Hutton." The only other event relied upon is the transmission of various telexes by Girofinance directed to Hutton at its office in this District. However, these messages transmitted in May and July 1979 originated in Costa Rica and related to commissions allegedly due to Girofinance or referred to matters touching upon its relationship to Hutton. The allegations do not appear to relate directly to any of plaintiffs' claims. But even assuming these events give support to plaintiffs' charges, they were "relatively minor" and of a "secondary" nature [14] and do not detract from the fact that the core of the primary fraud was centered and committed in Costa Rica and not the United States.

■ The federal claims are dismissed without leave to replead [15] on the ground that the securities and commodity laws relied upon do not cover this predominantly foreign fraud. Consequently, the pendent state claims are dismissed due to the absence of diversity; two of the plaintiffs, Mormels and Martens, and one of the defendants, Girofinance, are aliens.[16]

So ordered.

---

**12.** Amended Complaint, ¶¶ 17, 21, 24(e) and 30.

**13.** *Id.* at ¶ 17(e).

**14.** *Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S. A.,* 606 F.2d 5, 8 (2d Cir. 1979). *See Bersch v. Drexel Firestone, Inc.,* 519 F.2d 974, 987 (2d Cir.), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975) (federal securities laws should not apply where "the United States activities ... take the form of culpable nonfeasance and are relatively small in comparison to those abroad"). *Compare Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1335 (2d Cir. 1972) *with Grunenthal*

*GmbH v. Hotz,* 511 F.Supp. 582, 588 (C.D.Cal. 1981); *Finch v. Marathon Securities Corp.,* 316 F.Supp. 1345, 1348 (S.D.N.Y.1970).

**15.** The amended complaint was served pursuant to a stipulation among counsel for all parties that plaintiff would not seek leave to replead.

**16.** *See ITT v. Vencap, Ltd.,* 519 F.2d 1001, 1015 (2d Cir. 1975); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Zerman v. Jacobs,* 510 F.Supp. 132, 136 (S.D.N.Y.), *aff'd without opinion,* 672 F.2d 901 (2d Cir. 1981).